EDWARD C. OSBORN and Another v. PETER FROYSETH.[1]

June 26, 1908.

Nos. 15,660—(150).

**Railway Land Grant—Homestead Settlement.**

All selections of indemnity lands under the Hastings & Dakota Railway land grant, prior to that of October 29, 1891, were ineffectual to remove the lands from homestead settlement. Sage v. Maxwell, 91 Minn. 527.

**Decision of Land Department.**

The rule that the decision of the United States land department is conclusive upon the courts as to all questions of fact has no application to this case.

Action in ejectment in the district court for Chippewa county by the assignees in trust of the Hastings & Dakota Railway Company against a person who had occupied since 1889 land within the indemnity limit claimed by that company under its land grant. The case was tried before Powers, J., who made findings and ordered judgment in favor of defendant. From an order denying their motion for a new trial, plaintiffs appealed. Affirmed.

*Owen Morris* and *Lyndon A. Smith,* for appellants.

*C. A. Fosnes,* for respondent.

LEWIS, J.

This is an action in ejectment, and appellants claim title to the premises by virtue of the act of congress approved July 4, 1866, known as the "Hastings & Dakota Railway land grant."

The answer denies the validity of appellants' selection of the lands in the indemnity limits, and alleges that respondent was duly qualified to make a homestead entry, and that he entered upon the land in question prior to 1891, with the intention of making a homestead entry thereon; that he duly offered his homestead application at the proper land office, accompanied by a tender of the necessary fees; that the same was disallowed on the pretended claim that it had been

[1] Reported in 116 N. W. 1113.

selected as indemnity land by the Hastings & Dakota Railway Company; and that before any rights of the company attached in the land respondent had made repeated applications for homestead entry thereon.

The court found that the trustees made a selection in due form on October 29, 1891, but that at the time of such selection the land in question was not vacant, but was occupied by respondent; that on November 1, 1888, respondent was duly qualified and entitled to make a homestead entry; that he went into possession of the land with intent to enter upon and claim the same as a homestead, and has ever since remained in possession thereof with such intention; that at the time of the commencement of this action his improvements exceeded in value the sum of $700; that on November 3, 1891, he offered, at the proper land office, a homestead entry in due form, which was refused solely upon the ground that the land was withdrawn from settlement by the executive withdrawal of April 22, 1868, from which order respondent duly appealed, which appeal remained pending in the land department until September 11, 1894, when the rejection by the local land officers was affirmed by the commissioner; that respondent appealed from that decision to the secretary of the interior, who rendered a decision on January 25, 1896, affirming the decision. The court held that respondent had done all in his power to secure the land as a homestead.

It was determined in the case of Sage v. Maxwell, 91 Minn. 527, 99 N. W. 42, that the several selections by the railway company prior to October 23, 1891, were ineffectual, that the lands were open to public settlement, and that the land grant in question did not differ in any of the essential features from the land grants under consideration in the several cases referred to in that opinion. Every question involved in this appeal, except the following, was decided in that case, and we follow it without further comment.

In the Sage-Maxwell case, however, Maxwell was successful in the land department, and his homestead entry was allowed and a patent was issued to him; whereas in the present case the railway company was successful in having its selection of October 29, 1891, allowed, while the application of respondent was rejected by the land department.

105 M.—2

Appellants argue that they are entitled to a new trial upon the ground that there is no evidence to sustain the finding of the court that respondent's application to file a homestead upon the land was rejected in the land office solely on the ground that the land was withdrawn from settlement by the executive withdrawal of April 22, 1868. It is the rule that the decisions of the land department are conclusive upon all courts on all questions of fact. Attention was called to this rule in Sage v. Maxwell, supra, citing the case of Gertgens v. O'Connor, 191 U. S. 237, 24 Sup. Ct. 94, 48 L. Ed. 163, and if it appears from the evidence in the case before us that the land department rejected respondent's application upon the ground that he was not a bona fide settler, or that he was not entitled to file a homestead entry for any other reason, then this court would be bound by the decision of the land department upon that question. Appellants insist that, because respondent failed to produce direct evidence that the land department did not reject his application upon some ground of disqualification, the presumption is that it was rejected upon some such ground, and that there is no evidence to indicate that respondent's application was denied for the reason that the land was not open to public settlement at the time the trustees made their selection October 29, 1891. It is true that no reference was made, either in the orders or letters of the land department, to the ground upon which respondent's claim was rejected; but in this action there was no controversy whatever as to respondent's bona fide settlement and qualifications. The only question at issue was: What was the effect of the order of withdrawal of the lands from public settlement, pending the time the validity of the trustees' selection was under consideration, down to October 23, 1891? In the absence of any evidence to indicate that there ever was any other matter in dispute, it will not be presumed that new issues were raised in this case. On the contrary, it may fairly be presumed that the question here involved was the only one at issue while the parties were contending before the land department.

Affirmed.