## CATHERINE M. MORRIS v. R. K. SVOR.[1]

May 12, 1911.

Nos. 17,008—(118).

**Homestead entry — findings — evidence.**

> Findings of the trial court to the effect that defendant filed an homestead entry upon the land in question, on April 3, 1889, *held* not sustained by the evidence.

Action in the district court for Chippewa county for the restitution of certain premises and for damages. Among other matters, the answer alleged that the land mentioned in the complaint was free public land of the United States and subject to homestead entry by any qualified homestead claimant; that prior to 1886, defendant entered upon the land with the intention of making entry thereof as a government homestead, being advised that whatever claim had theretofore existed in favor of the Hastings & Dakota Railway Company was or would soon be entirely extinguished; that at the time of his settlement thereon, defendant constructed a house, barn and other buildings and improvements reasonably worth $2,000 and established his residence thereon; that his tender of homestead application and fees was disallowed, on the claim that the land had been selected by the Hastings & Dakota Railway Com-

[1]Reported in 131 N. W. 324.

pany as indemnity land. The reply alleged that defendant was barred from maintaining his defense because of a decision rendered against him by the secretary of the interior department of the United States on October 17, 1905. The case was tried before Qvale, J., who made findings of fact and dismissed the action. From the judgment of dismissal, plaintiff appealed. Reversed and new trial granted.

*Owen Morris,* for appellant.
*C. A. Fosnes,* for respondent.

BROWN, J.

Action to recover the possession of certain real property, in which defendant had judgment, and plaintiff appealed.

The land in controversy was situated within the indemnity limits of the land grant to the St. Paul & Pacific Railroad Company and also the Hastings & Dakota Railroad Company. It was, as early as 1883, claimed by both these railroad companies in lieu of lands lost in the place limits of their respective grants, and formal selections thereof were made by each company during that year. The selections were subsequently held invalid and ineffectual, and the land remained a part of the public domain. In December, 1885, defendant, a qualified homesteader, filed upon the same as a homestead, and in all respects complied with the land laws of the United States. His entry was rejected and canceled, for the reason that the land was not then open to settlement, having been withdrawn, because within the 'railroad indemnity limits. Subsequently, in 1888, defendant settled upon the land intending to claim it under the homestead laws of the United States, and has since occupied the same with his family. He erected buildings thereon and otherwise improved the land. While he was so in possession the Hastings & Dakota Company, in October, 1891, made due selection of the land to supply land lost in the place limits of its grant, which selection was by the land department approved and confirmed in 1897, and title to the land certified to the railroad company. Plaintiff has succeeded to the rights of the railroad company.

Defendant claims title and right to possession under the home-

stead laws, his settlement thereon in 1888, and continued occupancy thereof, with the intention of perfecting title under such laws. He filed upon the land in 1885, but nothing can be claimed thereunder; for his application was rejected by the local office, for the reason that the land had previously been selected by the railroad companies, and the further reason that defendant had not shown a settlement and residence upon the land prior to the date of the selection by the railroad companies. No appeal was taken from the decision of the land office, and it became final. His settlement upon the land in 1888 cannot be referred to the application to file thereon in 1885, for that had been disposed of against him two years prior thereto. He claims, however, to have again filed on the land on April 3, 1889, and the court below so found as a fact. If this finding be sustained by the evidence the case, in our opinion, is brought within Osborn v. Froyseth, 105 Minn. 16, 116 N. W. 1113, affirmed by the supreme court of the United States in 216 U. S. 571, 30 Sup. Ct. 420, 54 L. ed. 619.

The railroad company made a valid selection of the land in 1891, and it was approved in 1897. In the case cited, the homesteader filed upon the land subsequent to the date of the railroad's selection, and the filing was rejected, because of the prior selection by the railroad company. It was held, both by this court and the supreme court of the United States, that the selection by the railroad company did not become effective until approved by the land department, and that, as Froyseth filed upon the land before the approval, his rights were superior to those claiming under the railroad company. So that, if defendant in the case at bar in fact filed a homestead entry upon the land in 1889, as claimed, the rule of the Froyseth case would be followed and applied. He could not, of course, prevail upon the strength of his settlement upon the land, unaccompanied with efforts to acquire title under the homestead laws.

We are of opinion, however, that the findings of the court upon this subject are not sustained by the evidence. We discover no evidence in the record from which the fact of filing by defendant in 1889 is made to appear. There was received in evidence on the

114 M.—20.

trial a transcript of the records of the local land office, containing in abbreviated form information concerning the land in question, upon which the court evidently predicated its finding. The document is headed: "Township No. 119 N., Range No. 40, District of Litchfield, Minn." Then follow several items of information concerning the land, the first of which is: "All 11, 119, 40, St. P. & P. R. R. Feb. 19, 1880. S. W. ¼. See T. C. E." The third item, and the one relied upon to prove the alleged filing of defendant in 1889, is as follows: "S W ¼ See 4 428 8–34 Rasmus K. Svor F. April 3, 1889 No. 8510 F. Oct. 31, 1905 No. 8635 F. Jan. 20, 1906."

The contention is that this indicates that defendant filed upon the land as a homestead on April 3, 1889; the letter "F" in the quotation from the record being relied upon as disclosing that fact. In this we are unable to concur. There was no evidence explaining this record, or the abbreviations made therein. Nor did defendant offer any other evidence tending to show a filing upon the land at that time. The whole claim rests upon the record referred to. It is insufficient, and the learned trial court erred in finding that a filing upon the land was made at the time stated. For this reason there must be a new trial.

Counsel for defendant presents in his brief certain questions going to the validity of plaintiff's title, which need not be considered at this time. Plaintiff produced evidence of a prima facie legal title to the land, and must prevail, unless defendant can show a better right. His settlement upon the land in 1888, unaccompanied by efforts to acquire homestead rights, would not constitute or amount to a right in the land paramount to that of plaintiff. So the question whether the defendant filed upon the land in 1889 lies at the threshold of his defense to the action.

It is doubtful, under recent decisions of the supreme court of the United States, whether the attempted filing by defendant in 1904, after the title to the land had passed to those claiming under the approved railroad selection, can be of any avail to him. Weyer-

haeuser v. Hoyt, 219 U. S. 380, 31 Sup. Ct. 300; Northern Pacific Ry. Co. v. Wass, 219 U. S. 426, 31 Sup. Ct. 321.

Judgment reversed, and new trial granted.